Thomas v. Broward County Sheriff's Office Ms. Rodriguez Good morning. May it please the court, Carmen Rodriguez for the Sheriff of Broward County. In this USERRA action, the plaintiff contends that he established that his military service was a motivating factor in his termination during his probationary period through what he alleges are anti-military comments by his supervisor, Danielle Fuller. This jurisdiction has always held that nothing but the most blatant statements can constitute discriminatory animus. So what are the alleged comments here? What is the alleged anti-military status? So what plaintiff relies on are either respectfully serious misstatements of the record or innocuous statements that are plainly insufficient. I'll give you... Can I ask you a question? Yes. I'm going to read one of the statements. Yes. This comes from, just so we're all on the same page, docket entry 108 at page 181 and 182. Quote, military pilots are incapable of doing the part 135 missions, and that she knew plenty of other, she being Ms. Fuller, knew plenty of other people in the industry or civilian pilots that were more capable than us than doing the missions. Just as a hypothetical, let me substitute in a race for each of those things. So people who are a color purple were incapable of doing part 135 missions. That is the job that we're talking about here. And that she, Ms. Fuller, knew plenty of other people in the industry or green people that were more capable than us of doing the missions. Is that not a statement of animus against race purple? Take it out of context, yes, but it's a misstatement of the record with all due respect. Did I quote anything wrong? I told you the page site and I gave you a direct quote. Tell me if I quoted anything wrong. It's incomplete, if I may, Your Honor. The testimony is that what she actually said was, I know other more qualified pilots. Actually, on cross-examination. So purple people were incapable of doing part 35 missions? She said that, right? Yes, and McDonald gives us the context. Right. Okay, let's go to another one, since I clearly have misquoted that one. Docket entry 106 at 168. Quote, you military guys all think the same way. We're not in the military anymore. You're not in the military anymore. We don't do it that way. We don't do it in the real world. So let's take my hypothetical again. All you purple people all think the same way. We're not in purple anymore. We're not in purple anymore. We do it differently. In the real world, we do it this way. Would that not be racial animus against people who are purple? No. It wouldn't be, that they all think one way, and that that's not the way that you think in the real world? Your Honor, the statements are incomplete in the context. That's docket entry 106 at 168. Did I quote that incorrectly? No, Your Honor, you did not. All military pilots, you guys all think the same. What is the context? The context is provided by McDonald. McDonald testified that he was constantly telling her, this is how we did it in the military. The problem is that in the military, they did not have to go by part 135. It did not apply. Three of the four pilots who were under her supervision testified that she routinely made insulting or offensive comments about military pilots as a class and referred to them and likened them to children. The issue, Judge, is that those statements, that testimony doesn't tell you anything. The testimony of those witnesses- The real question is this. Could not all the testimony and all the evidence that Judge Luck and I have been referring to allow a reasonable juror to find anti-military animus and hostility on the part of Fuller? It seems to me that's pretty easy. Your Honor, the issue is that in your capacity, you're the gatekeepers, and you're the gatekeepers to conclusory statements and statements that these courts have found as a matter of law. The inconsistencies between the proffered reasons for terminating Thomas' employment and the sheriff's other actions, this discrepancy between his logbook, his official logbook, and the one that he had to keep one separate from the one that would disclose confidential information. His testimony was, this is something that the sheriff's office was made aware of right off the bat when he applied for the job. They accepted that. Later, that very issue is used as the reason for his termination. Combined with all the hostile remarks, it seems to me more than enough to allow a jury to find that there was discrimination here. Judge, he never presented, he testified that his official logbooks actually consisted of four parts. Only one of them had this classified status, which, by the way, wasn't military. Did he not testify that he was specifically told at the start of his job that he did not have to provide the original logs? Yes, but on January 10th, in writing, Fuller, based on her job description, asked everyone. Counsel, you're 100% right, but can't a reasonable jury conclude that he was told one thing in November and in January was told something completely the opposite as the basis for why he was terminated? The problem is, Judge, he never presented any part of it, so why could he show his military records to the jury? He brought them in. Counsel, please answer my question. I apologize. If he is told at the beginning of his job in November, you do not have to provide us with original logs, and that is the reason he is fired, that he did not provide original logs as one of the basis of why he was fired, could a reasonable jury not view that as inconsistent? No, Your Honor, because an employer has the right to, at a later time, say, and it wasn't him, it was everyone. But disparate treatment. All of them were military pilots, and Ms. Fuller had... Was Ms. Fuller a military pilot? No. Was she ever called stupid? I don't know. We know the answer to that. She wasn't. There was no testimony that she was ever called stupid, right? There was testimony that they all had banter amongst themselves. Every one of them was called stupid by their supervisor. Was Ms. Fuller called stupid by her supervisor? No, but she was called a cheater by Mr. Thomas. Who replaced Mr. Thomas? No one. Was there not testimony that Mr. Thomas was then replaced by someone who knew Ms. Fuller who was a civilian pilot? That was much later down the line. Can a reasonable jury not show disparate treatment between those who did have a military background and those who did not have a military background? Your Honor, the reason why not is because all of the pilots that we made were military. She reviewed the logs of all of them. She had no issue with any other military pilot except Mr. Thomas. She wasn't called stupid, but Mr. Thomas flagrantly called her a cheater. In the context of stupid, the testimony is, you don't have the right to call me that because you were caught cheating on an EMT test. Let's move beyond the discrimination issue. We've got not a lot of time left. It seems to me that the sheriff's office lacks standing to appeal the jury's verdict on the retaliation claim because no relief was awarded, so there's no injury to the sheriff's office on that claim. It was zero damages award, right? Correct. I mean, how does that injure your client? Well, I think the issue is whether it's going to— I think the jury had a fundamental misunderstanding about the verdict form because it's very clear that they went on and answered other questions, but I agree with Your Honor as to the retaliation. Yes, sir. Okay. All right. Let's talk then about the liquidated damages. It seems to me that this was tried to the jury by consent of the parties. There was an instruction proffered to have the jury make a finding on willfulness. The verdict form allowed the jury to make a finding on willfulness. It's only after the jury finds that the violation was willful that the district court for the first time says, well, the jury was just acting in the capacity of an advisory jury. It seems to me that once that was already submitted, the district court can't do that. The finding by the jury, it seems to me, is final on that issue. What am I missing? We're missing that what was used here were the pattern jury instructions, and counsel are always advised. In fact, every time you get a trial order, you're advised. You have to go to your pattern jury instruction builder. That's all we want to see. There was an instruction given to the jury that it should find whether the violation was willful or not, right? That's the pattern form. Okay. Why wasn't the district court obliged to accept that finding? There's no objection to that being given to the jury. Your Honor, I think the issue is you put counsel in a difficult situation when you tell them we want you all to use the pattern jury instructions. This is what you have to use. You have a statute that plainly says the court may award if the court determines, and then you're saying to counsel, here's your pattern builder, here's what the judges require that you submit, and the comments to this, it's a very serious issue. The comments to those pattern jury instructions refer to the very same statutory provision that says the court determines. Let me ask you a question about that. Your position is, and I find the more interesting question, this right to a jury trial than the issue of whether the facts taken in a light most favorable to the verdict were sufficient. Is it your view that the plaintiff was not entitled to a jury trial on either of these issues? That is to say liquidated damages as well as compensatory? No, the statutory scheme specifically says the court determines liquidated damages. I ask you the question because what about with respect to compensatory damages? Does he have a right to a jury trial on compensatory damages? Yes. Where does that come from? I don't find that in the statute, so where would I find that right? Your Honor, I think it's just the right to a jury trial period. The Seventh Amendment right to a trial by jury. Yes. The reason I raise the question is if you look at the language, specifically in the statute, D1B says the court may require the employer to compensate the person. Then if you look at C, it says the court may require the employer to pay liquidated damages. It says nothing about jury. Could the district judge have turned around and said this was advisory as to compensatory damages as well? If the answer is no, where's the difference, at least in the text  Do you follow my question? I do, Your Honor. The text difference is very clear because as to the liquidated damages, there's a double court. It says the court may award if the court determines. On that provision, you see court twice, and that's not a mistake. That's not the normal, these are the kind of damages available, but certainly if the court determines, can't be subject to any other statutory interpretation other than the court determines. You have comments to the pattern jury instruction that refer to that same statutory section. Let me ask you just one quick final question. An action for liquidated damages is an action that sounds in law, not equity, right? I don't know, Your Honor. I'm not sure about that. Your Honor, we've said that repeatedly, and if that be so, why wasn't there a Seventh Amendment right to trial by jury altogether independent of whether there was consent? Because you're going to abrogate a statutory thing, then you're going to find the statute to be invalid. Or read the statute in a way that comports with the Constitution. Judge, I think it's very difficult to overcome language that specifically says the court determines. I think the language is so clear, which it's not for me, but if it is, then it might be unconstitutional. If there's some ambiguity, wouldn't we be obliged to, as a matter of constitutional doubt, to get the benefit of the doubt to Congress and construe it in a way that comports with the Seventh Amendment? Well, if you're going to go down that path, you have to understand that you're going to have to make the same decision under FLSA cases where you clearly have a jury question on good faith and a judge question on willfulness versus good faith. So a decision of that nature is going to affect, at least in my limited employment arena, quite a bit of decisions where we now have, under clear authority of this court, that it is a determination by the court. Sounds like a good reason to decide it on consent, right? Thank you. That's a harsh one, Judge, but thank you. All right. Mr. Breslin. Good morning, Chief Judge, Your Honors, and may it please the court. Brandon Breslin, along with Kristen Norse, Kynes, Markman, and Feldman, on behalf of Chief Warrant Officer Scott Thomas. It's clear today, and in the chair's briefs, that their arguments on the main appeal and the cross appeal is to disregard the jury's verdict and the evidence it was based on. Because there was sufficient evidence for this jury to find that there was anti-military discrimination and retaliation, the district court did not err when it denied the sheriff's renewed motion for a judgment as a matter of law. The retaliation issue looks to me just like a non-issue because there was no relief awarded. Correct, Your Honor. That's right. We responded to it because it was in the sheriff's brief. It was presented as an alternative. It would have been standing to complain about it, to appeal it, because there was no relief awarded, right? Yes, Your Honor. We do not dispute that. I have a question about that. Is there an injury, whether you call it stigmatic or whatever, that an elected official here is accused of retaliating against, not accused, but is found by a jury in this county of retaliating against a military officer? Does that not have an impact in some way, or is that not some injury independent of whether there is actually fees or some financial burden attached to that finding? Nothing we were able to find, Your Honor, and nothing the sheriff has raised. The judgment reduces this to a $240,000 judgment, as it stands right now, against the sheriff's office, or as the sheriff argues, against maybe the municipality of Broward County as the employer or the sheriff. But that doesn't regard to a stigmatic injury in terms of what the judgment reduced the verdict to be. There were the findings as discrimination or retaliation, and then it only goes into the judgment. It's basically the equivalent of an advisory opinion, isn't it? Yes, Your Honor. So if we were to say that that kind of name-calling on the part of a jury's verdict gives rise to standing to appeal, we'd be extending our jurisdiction pretty broadly, wouldn't we? Yes, Your Honor. And as to the discrimination claim, I think the panel does have a grasp on the issues here that were presented to the jury. There was substantial, more than sufficient evidence in terms of the discriminatory remarks. They were not only as to Chief Thomas, but they were as to the other military pilots who testified. Let's talk about the liquidated damages. Yes, Your Honor. Isn't the easiest way to decide this is on consent? It is, Your Honor. It seems that every other circuit that's addressed this has said that once you submit an issue like this to a jury with no mention whatsoever that it's only in an advisory capacity, that the court is then bound by that finding and cannot later say, oh, it's only advisory. Yes, Your Honor. And that's been as to any type of equitable claim. And obviously we raise alternative arguments, but this was not an equitable issue. It was a legal issue. But even if it wasn't, if there was some way to read this statute so narrowly cramped that it only applied to what the judge could do after the jury returned a verdict, then yes, Rule 39 clearly applies. And that is the easiest way for this court to resolve this case. So let me ask a couple of questions about that, if you don't mind. So looking at this is 4323D1C. So it seems to have two parts, the section. Part one says the court may require the employer to pay the person an amount equal to the amount referred to in subparagraph B. That's the compensatory damages verdict as liquidated damages, comma. So that's part one. And then there's an if. If the court determines that the employer's failure to comply with the provisions of the chapter was willful. So the second part clearly was sent to the jury by consent. I don't have any doubt about that. If there is a finding of consent, let's take the jury out of it for a moment. So let's make it a lot cleaner. So let's say everyone agrees this is a court finding, not a jury finding up front. So it's never submitted to the jury. And the court, after hearing all the evidence, says, I believe it to be willful, but in my discretion, for reasons X, Y, and Z, I have determined that liquidated damages are not appropriate here. Would that be erroneous of the court to do? I believe so, Your Honor, under the Seventh Amendment. No, again, everyone has consented. Everyone has agreed in writing. They even put blood on it and waved it in blood. So there's no Seventh Amendment, no issue there. I've made it as clean as can be. So don't fight my hypothetical. Go with me. The court says, I find, having heard all the evidence, that the discrimination here was willful. However, based on factors X, Y, and Z, I have determined within my discretion that liquidated damages are not appropriate in this case. Is that a violation of that section? I think if the court is looking at the language, court may. There's been that consent. That's what I'm looking at. I'm not going to fight the hypothetical. Then, yes, I believe that would lead the district judge to have that discretion. Okay. And I think that's a fair reading. I do. So let's put it to what we have here. So, again, take the Seventh Amendment out of it for the moment. Here, in my mind, the if clause is clearly given to the jury. But as I read the district court's order, what the district court said was, all right, the jury found this. And now it's up to me to decide, as a matter of my discretion, whether to award this. And I believe, in my discretion, it's not appropriate in this case. Why is that wrong? That's wrong. That is wrong under the Seventh Amendment. But it's also wrong. Again, take the Seventh Amendment out of it. Take the Seventh Amendment out of it. I believe that's wrong under the statutory text because. Why? If the hypothetical is there's that finding, in that case, by the court, but you and I agree that the court has discretion, then why here, if the thing was tried by consent, was only the if clause, and then that goes back to the court, and the court says, I'm making a discretionary call based on the same three factors, not to award it, why is that inappropriate or a violation of the statute, taking the Seventh Amendment out of it? Because if court is read as judge or jury, as this court read it in Sibley, and as Judge Scalia did in his concurrence in Feltner, which is based on other case law about how court needs to be read broadly in terms of avoiding constitutional problems, then once the jury has made that willfulness determination, it is up for the jury to award those liquidated damages. So I don't know that I disagree with that, but was the jury asked that question? In other words, it certainly was asked the willfulness question, but was it asked the ultimate question of should, and was that tried by consent of now that you found willfulness, do you in your discretion award liquidated damages? It has to be because this only statutory precondition for the award of liquidated damages is willfulness. Agreed, but one doesn't flow necessarily from the other, as we did for my first hypothetical. In other words, just because there's a finding of willfulness does not mean that a court has to exercise its discretion one way. It can go either way. So if that issue wasn't tried by consent of the jury, and I'm open to that, I don't know if it is or is not, why isn't it up to the court to say, all right, we have a finding of willfulness, I now have to make the discretionary call under the first clause of subparagraph C, and in my discretion I decide not to award it? Because I think you're on or understanding that if the court determines, or I understand the division in terms of what the court may do, and then if the court determines, but then if you look at what, in terms of the lost wages, which uses the same court may, there is no ability once the jury has returned, no, I shouldn't say no ability, there's very limited discretion, which was not argued here, to come around and say, well, the jury's found the liquidated, or found the lost wages and benefits, put a number on it, and then for the court to go back and say, well, I disagree. I wonder if may mean shall, honestly, here, and I don't know the answer to that, but it seems to me you're right, which is no one has ever suggested that, at least with subparagraph B, that there's discretion to award compensatory damages, but the same language is used here, and why would we impart discretion for C that doesn't exist for B? And I think that may be the answer, but I don't know. That is right, Your Honor. I mean, obviously, as the court knows, there is a historical precedent that may is not always permissive, that it can mean shall in the context of this very statute, as we've learned from this case. Mr. Breslow, let me ask you a question about what the district court actually did. So you moved, as I understand it, for an award of liquidated damages based on the jury's finding of willfulness, and what the district court said when it denied your motion was that it disagreed with the jury's finding and that it was treating the jury's finding, for the first time it suggested, as advisory, right? Yes, Your Honor. And it said it disagreed with the jury's, quote, advisory finding and did not find that the sheriff's office failure to comply with the provisions was willful. It may have expressed opposite finding, and that was the basis for its denial of your motion. Yes, Your Honor. Right, the district court never suggested in words or somethings that it was casting aside the jury verdict because somehow it had the power over liquidated damages and there was a difference. Yes, Your Honor. If it was willfulness, the jury found it, he rejected it, QED, no liquidated damages. It was as simple as that, wasn't it? Yes, Your Honor, that is correct. The district judge expressly used the term disagreed and found that there was an advisory finding. It's something that characterizes it for the first time as advisory. Yes, and non-binding, which we know is not the law. Let me ask you a different question. You make two arguments on this issue. You say, A, there was consent. Looks to me like that's a pretty good argument looking at the federal rules of civil procedure. You make a second argument. You say clearly in this court that there was a Seventh Amendment right to a trial by jury on the question of liquidated damages. It sounds at law. It's clear that any issue at law falls within the ambit of the Seventh Amendment. Did you ever make that argument in the district court? The term Seventh Amendment was not used in the motion to alter or amend the judgment. However, it was clear from the arguments that were raised, particularly the issue being raised, which is how this court looks in terms of preservation, new issues, new arguments, and we do brief this in the cross-reply briefs.  your amended motion for liquidated damages. You talk at length about consent, and then you talk about what a plain reading of the text would mean. It expressly instructs the court to use this and that and the other thing. At no point do you say there's a Seventh Amendment right to a trial by jury that is independent of whether there was consent or there wasn't. The closest you get is to reference, as I see it, a district court opinion in Indiana, Spratt, which was clearly a Seventh Amendment case. It wasn't a consent case, and the district court made essentially the argument that you're making there. I'm just asking whether you said enough to preserve that issue for us. It's clear that if you didn't give the district court an opportunity to consider a matter, we're loathe to let you raise it for the first time on appeal. Did you give the district court an opportunity to consider a Seventh Amendment argument? We did, Your Honor, in two capacities. One, the motion starts out with the explicit right, and it makes reference to what must happen once the jury has returned the findings. That is a clear Seventh Amendment argument. That's what it's based on. I believe even the term, I don't have the motion in front of me. I believe there might be a reference to legal relief in there. I would need to check that, Your Honor. But even if that reference weren't in there, there is the clear citations to two cases about what the liquidated damage provision requires and what the court must do with it when that issue is whether it's going to go to the judge. The other case, Duarte, is not a Seventh Amendment case. There's one case, Spratt, that's clearly a Seventh Amendment case. I do not believe the other one went off on the Seventh. Well, let me make sure I understand this. You did argue to the district court how to properly construe the statute. Yes, Your Honor. And that the statute would give you a right to a jury finding on this, just as a matter of statutory interpretation. Yes, Your Honor. So, although you may not have referred to the canon of constitutional doubt, the fact that you raised the issue about proper interpretation of the statute necessarily means then that you can raise any argument in support of that issue on appeal, even if your arguments in the district court weren't as good. Yes, Your Honor. And even under the Babcock case, it can sometimes be, and in Home Depot, I believe, it can be sometimes even contradictory to the arguments, but as long as it raises the same issue. So you raised the central issue, the right to trial by jury. You offered one argument, expressly consent. The other argument, at most, is implicit. Your argument is, even if it wasn't implicit, you could raise this argument going to the issue itself, which had been squarely raised. Yes, Your Honor. And to that point, it was raised by the sheriff here today. It was raised below in response to our motion to alter amend that the court should look at what other statutes do, like the FLSA and FMLA. If this court were to look at the consensus of district court opinions on this issue, like Spratt, I think Duarte does make a reference to this, Judge Locke's opinion, and LeBron, all of those say that is entirely different animal for the terms of what the liquidated damages provision actually applies. This is more like the ADEA that requires willfulness for liquidated damages. Okay. Ms. Breslow, I think we have your case. Thank you very much. Thank you, Your Honors. Ms. Rodriguez, you've saved three minutes. Thank you. I'd like to address two issues. I'd like to go back, please, to the consent issue, because I think, Judge Locke, your comments about that statutory instruction, and specifically the reference to May, evidence is that it is not consent to a dispositive determination of the issue by the jury. And that measures we have a solid, rational way to rationalize what the pattern jury instruction tells us to do and what the statute allows the court to do. The problem is, as Judge Marcus and Chief Judge Pryor noted, the district court here didn't exercise discretion. It merely just disagreed with the verdict. But by then, it had been tried by consent. In other words, whatever discretion is invested, and there may or may not be, I don't know the answer, there may or may not be, that's not what happened here. What actually happened here was the judge just said, well, this whole thing that we had, this whole trial, it really didn't matter, it's advisory, and I just don't agree with their conclusion. I think that we need to give the judge a bit more credit, in the sense that the judge specifically grounded that decision. Let me be clear. I give Judge Diehl the credit in the world, but here's what he wrote. This is on page seven of docket entry 120. While the court did request an advisory opinion, not true, from the jury as to the issue of willfulness, the determination of liquidated damages under USERRA is ultimately left to the court, pursuant to the plain language of this section. So far, so good. And the next sentence. In this case, upon careful consideration of the evidence, the court disagrees with the jury's advisory finding and does not find that the defendant, BSO, BSO's failure to comply with the provisions of USERRA was willful. That's not an exercise of discretion. That's just a disagreement with the conclusion. And I just don't think, I don't see how paragraph C allows that. Because the judge also specifically cited to the statutory language with that second may. And so the court is saying, I hear you, jury. I disagree. And if may means may, then it is, in fact, quasi advisory. Because we're going to take what the jury suggested, but if the court may award, then it is, in effect, by statutory construction. I just don't see how it's advisory where you agree to have it tried. You certainly could have given the jury an advisory verdict. You could have agreed that it was advisory and the court could then take it all into consideration. But that's how this was tried. But, Your Honor, respectfully, that is the statutory construction. The very pattern instruction, and I'm the trial court attorney in this as well, and understand also this case was tried with masks, with distancing, with the whole fiasco. But at the end of the day, when the comments specifically say it's going to be may, the judge decides at the end of the day, it can't be that we consented to a final determination and aggregated the judge's role. Thank you, Ms. Rodriguez. Thank you very much. We're going to move to the third case.